**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
UNITED STATES OF AMERICA            :
                                    :
    -v-                             :        00 Cr. 1239 (JFK)
                                    :        **MEMORANDUM OPINION**
JOSE BISONO,                        :        **& ORDER**
                                    :
        Defendant.                  :
------------------------------------X

**JOHN F. KEENAN, United States District Judge:**

Defendant Jose Bisono moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G.") § 1B1.10, in light of the recent retroactive amendments to the Guidelines that generally reduce the base offense levels for cocaine base ("crack") offenses. The Government does not oppose the application. For the reasons that follow, Bisono's sentence is modified and reduced to 120 months.

On February 8, 2001, Bisono pleaded guilty to conspiracy to distribute and possess with intent to distribute crack, in violation of 21 U.S.C. § 846. Pursuant to 18 U.S.C. § 841(b)(1)(A), Bisono was subject to a mandatory minimum sentence of 120 months. At a sentencing hearing on June 5, 2001, the Court determined that the applicable United States Sentencing Guideline range was 121 to 151 months, based on a criminal history category of IV, a base offense level of 32 under § 2D1.1 of the Guidelines for the amount of crack cocaine involved in

1

the offense, a two level reduction under § 3E1.1(a) for acceptance of responsibility, and a one level reduction under § 3E1.1(b) for providing timely notice of his guilty plea, resulting in a total adjusted offense level of 29. The Court sentenced Bisono to a term of 121 months' imprisonment, the bottom of the applicable Guideline range.

The retroactive crack amendment reduces by two points the base offense levels corresponding to the crack quantity ranges in § 2D1.1(c)'s Drug Quantity Table. See U.S.S.G. App. C, Amend. 706, as amended by Amend. 711 (eff. Nov. 1, 2007); § 1B1.10(c) (Mar. 3, 2008). The amended Guideline range is calculated by substituting the amended provisions of § 2D1.1(c) and "leav[ing] all other guideline application decisions unaffected." See U.S.S.G. § 1B1.10(b)(1). A sentence reduction is authorized only if retroactive application of the amendment would result in a lower applicable Guideline range. See U.S.S.G. § 1B1.10(a).

Here, the retroactive application of the amended § 2D1.1(c) Drug Quantity Table results in a two-level reduction of Bisono's base offense level to 30 and, because all other guideline application decisions are the same, his adjusted offense level to 27. The applicable Guideline range at Bisono's new offense level of 27 is 100 to 125 months, which is lower than the range of 121 to 151 months, under which Bisono was

originally sentenced.  However, Bisono remains subject to the mandatory minimum sentence of 120 months.  Thus, as the parties agree, the Court may reduce the sentence to a term of imprisonment within the new effective range of 120 to 125 months.

Having considered the defendant's motion, the parties' submissions, and the relevant factors set forth in 18 U.S.C. § 3553(a), this Court finds that the defendant's sentence should be reduced under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, as amended, and that a reduction in the defendant's sentence is consistent with the applicable policy statements issued by the United States Sentencing Commission.  See 18 U.S.C. § 3582(c)(2). The Court also finds that, based on a report sumibtted by the United States Department of Probation, the defendant's post-sentencing conduct warrants this reduction, and that the defendant does not pose an unreasonable danger to any individual or the community.  See Application Note 1(B) of U.S.S.G. § 1B1.10, as amended.  Accordingly, defendant's motion to reduce his sentence is GRANTED.

The defendant's original term of imprisonment is reduced to 120 months.  All other terms and provisions of the original sentence remain in effect.  The United States Probation

Pitino is directed to provide to the Court for its signature an
amended Judgment and Conviction reflecting this sentence within
ten (10) days of the entry of this Order.

SO ORDERED.

Dated:      New York, New York
            April /7 , 2008

                                    JOHN F. KEENAN
                                    United States District Judge

Pitino is directed to provide to the Court for its signature an
amended Judgment and Conviction reflecting this sentence within
ten (10) days of the entry of this Order.

SO ORDERED.

Dated:      New York, New York
            April /7 , 2008